UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     PAUL LOUSSEDES | ) | Case No. 09-15700-SSM |
|     KELLY LOUSSEDES | ) | Chapter 7 |
| | ) | |
|                Debtors | ) | |
| | ) | |
| W. CLARKSON MCDOW, JR., UNITED | ) | |
| STATES TRUSTEE, REGION FOUR | ) | |
| | ) | |
|                Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 10-1020 |
| | ) | |
| PAUL LOUSSEDES, *et al.* | ) | |
| | ) | |
|                Defendants | ) | |

**MEMORANDUM OPINION**

This is an action by the United States Trustee to deny the debtors a discharge based on false statements and omissions on the schedules and statements filed in their case. A trial was held on July 15, 2010, at which the debtors were present in person and were represented by counsel.[1] This opinion—the substance of which was read into the record on September 7,

---

[1] At the conclusion of the evidence, the court directed the United States Trustee to provide the debtors' attorney with a copy of the audio tape recording from the meeting of creditors, which was held on August 26, 2009, and which was the subject of rebuttal testimony given by a paralegal employee of the United States Trustee's office. The court advised debtors' counsel that if, after reviewing the tape, he wished to present further evidence, he could file a motion within 14 days to reopen the evidentiary record. No such motion has been filed, and the issues are ripe for determination.

2010—constitutes the court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52(a).

Background

Paul and Kelly Loussedes are husband and wife with three young children.  He works for a food service distributor, she for a trade association.  They filed a voluntary petition in this court on July 17, 2009, for relief under chapter 7 of the Bankruptcy Code.  Prior to the meeting of creditors, their case was randomly selected for audit, and on October 7, 2009, the auditor filed a report identifying the following discrepancies and omissions:

- The schedules undervalued a 2005 Volvo XC90 automobile by $9,300.
- The schedules undervalued a 2006 GMC Yukon Denali motor vehicle by $5,000.
- The statement of current monthly income (Schedule I) and means test calculation (Form B22A) under-reported the debtors' income.
- The schedule of current income under-reported the debtors' income.
- The statement of financial affairs did not report the sale of a Piper Seminole aircraft for $139,900 20 months prior to the filing of the petition.
- The statement of financial affairs did not report the sale of a Honda ATV for $5,500 approximately a month before the filing of the petition.
- The statement of financial affairs did not report a $15,000 payment to a creditor, Sysco, within 90 days of the filing of the petition.
- The schedules omitted two parcels of rental real estate owned by the debtors in Wilmington, North Carolina.

Four of the issues identified by the auditor—the value of the Volvo, the sale of the ATV, the sale of the airplane, and the payment to Sysco—form the basis for the present adversary proceeding, which was commenced by the United States Trustee on January 19, 2010.

Mr. Loussedes has a high school diploma and an associate degree in culinary arts.  Ms. Loussedes has a bachelor of science degree in communications and a master's degree in health administration.  Mr. Loussedes testified that he had initially consulted the attorney who filed his and his wife's bankruptcy petition several weeks or a month earlier for assistance in refinancing

his house. The schedules reflect ownership of two parcels of real estate: a single family home at 11516 Southington Lane, Herndon, Virginia, and a town house located at 1230 Vintage Place, Reston, Virginia. The schedules report the value of the Southington Lane property as $650,000, subject to liens in the amount of $657,552, and the value of the Vintage Place property as $313,711, subject to liens in the amount of $438,222. Mr. Loussedes testified that he and his wife purchased the Vintage Place town house for $390,000 in November 2004 as an investment and rented it out for $1,200 to $1,300 per month. Although he believed at the time the petition was filed that he and the lender were still in negotiations to refinance and keep the property, he subsequently learned that it had been sold at foreclosure a week prior to the filing of the bankruptcy petition. With respect to the 2005 Volvo—which Mr. Loussedes testified had 75,000 miles and for which he had obtained an "appraisal offer" of $10,000 from CarMax after the audit report was filed—he explained that the $4,000 value reported on the schedules was a mistake and should have been $14,000.[2] With respect to Question 10 on the statement of financial affairs—which asked for all transfers of property within 2 years of the filing of the petition—he explained that he did not report the sale of the Honda ATV because he thought "property" meant a house or land, and he did not report the sale of the airplane because he thought it had occurred outside the 2-year period. He testified that the ATV was sold for $5,500 approximately a month before the petition was filed, and that he used the proceeds to pay household bills and to pay his lawyer. The airplane was sold through a broker on November 27, 2007—approximately 20 months prior to the bankruptcy filing—for $139,900, although the full purchase price was not

---

[2] Mr. Loussedes testified that he had reached an agreement with the trustee to purchase the bankruptcy estate's interest in the vehicle and was making installment payments to the trustee.

paid until December 21st. The net proceeds to Mr. Loussedes came to $129,265, which he testified was used to pay bills. With respect to Question 3(a) on the statement of financial affairs—which asked for all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of the case—he explained that he did not list a $15,000 payment his wife made to Sysco because he thought it had nothing to do with his and his wife's bankruptcy. The debt dated from before 2007 and related to a restaurant that Mr. Loussedes had once owned. Mr. Loussedes was now employed by Sysco, and to avoid an awkward situation and possible loss of his job, he negotiated a $15,000 settlement of the $40,000 debt, which Ms. Loussedes paid by a check on her account on June 15, 2009, just 32 days prior to the filing of the petition. With respect to Schedule I, Mr. Loussedes could not explain why it showed zero income for him and testified that although he had looked at the bankruptcy petition before it was filed, he had done so "real fast." Ms. Loussedes testified that she, likewise, had read the schedules and statement of affairs "in a rush" because she had 3 small children at home.

## Discussion

### I

This court has subject-matter jurisdiction under 28 U.S.C. §§ 1334 and 157(a) and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. An objection to discharge is a core proceeding in which a final order or judgment may be entered by a bankruptcy judge, subject, of course, to the right of appeal. 28 U.S.C. § 157(b)(2)(j). Venue is proper in this district. 28 U.S.C. 1409(a). The defendants have been properly served and have appeared generally.

II.

An individual debtor will be denied a chapter 7 discharge if, among other conduct, he or she "knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." 11 U.S.C. § 727(a)(4)(A).  In a complaint objecting to the debtor's discharge, the burden of proof is on the objecting party, and the standard of proof is preponderance of the evidence.  *Harmon v. McGee (In re McGee)*, 157 B.R. 966, 973 (Bankr. E.D. Va. 1993).

With respect to § 727(a)(4), courts have recognized that competing concerns are at stake. *Nat'l Post Office Mail Handlers, Watchmen, Messengers & Group Leaders Division v. Johnson (In re Johnson)*, 139 B.R. 163, 165 (Bankr. E.D. Va. 1992).  On the one hand, bankruptcy is an equitable remedy in which "the statutory right to a discharge should ordinarily be construed liberally in favor of the debtor."  *Johnson*, 139 B.R. at 166.  On the other hand, the very purpose of § 727(a)(4)(A) is to ensure that "those who seek the shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs," and that "complete, truthful, and reliable information is put forth at the outset of the proceedings, so that decisions can be made by the parties in interest based on fact rather than fiction."  *Id.*

As the Fourth Circuit has explained, "In order to be denied a discharge under this section, the debtor must have made a statement under oath which he knew to be false, and he must have made the statement willfully, with the intent to defraud."  *Williamson v. Fireman's Fund Ins. Co. (In re Williamson)*, 828 F.2d 249, 251 (4th Cir. 1987).  Further, "because a debtor is unlikely to testify directly that his intent was fraudulent, the courts may deduce fraudulent intent from all the facts and circumstances of a case."  *Id.* at 252, *quoting In re Devers*, 759 F.2d 751, 753-4 (9th Cir. 1985).  Finally, "the false oath made by the debtor must have related to a material matter."

*Williamson*, 828 F.2d at 251.  The subject matter of a false oath is "material," and thus sufficient to bar discharge, "if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property."  *Id.* at 252, *citing Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 618 (11th Cir. 1984).

III.

The complaint is pleaded in four counts, each invoking a different false statement as a basis for denying the debtors a discharge.  Count I relies on the undervaluation of the Volvo.  Count II relies on the omission of the ATV sale.  Count III relies on the omission of the aircraft sale.  And Count IV relies on the omission of the Sysco payment.  Each item of information is clearly material.  The value of the Volvo was relevant to whether it should be administered by the trustee.  Depending on the circumstances, the sales of the ATV and the Piper aircraft (or the subsequent disposition of the sales proceeds) could possibly have been avoided by the trustee.  And the Sysco payment could very well have been avoided by the trustee as a preference.  The debtors have suggested that all of the errors and omissions on the schedules and statement of financial affairs were the result of honest mistake, and they stress that they were cooperative with the auditor and with the trustee.

In weighing the evidence, the court takes into account not only the debtors' explanations, but also the number and magnitude of the misstatements and omissions.  In the present case, any one omission, standing alone, might well not support a finding that it was done intentionally, with the intent to deceive.  Viewed as a whole, however, a different picture emerges.  Although the court accepts the debtors' explanation with respect to the value placed on the Volvo (and for

that reason will dismiss Count I), the court finds the debtors' explanations for omitting the ATV sale, the aircraft sale, and the Sysco payment unconvincing.  The court is of course aware that few, if any, chapter 7 cases are filed without some errors in the schedules and statements.  Given the scope of information requested and the level of detail that is required, some mistakes are understandable, and perhaps even inevitable.  Here, however, the mistakes can hardly be characterized as minor.  Given the amount of money realized from the sale of the aircraft, and the proximity in time of the ATV sale and the Sysco payment to the filing of the petition, the court can only conclude that the omissions were intentional and intended to deflect inquiry or investigation by the trustee, which is all that is required to support an intent to deceive.  As has been many times observed, the functioning of the bankruptcy system is highly dependent on accurate self-reporting by debtors.  The debtors here failed to provide the "complete, truthful, and reliable information" that is required of debtors, and did so to a degree that is sufficient to support a finding that they did so willfully.  Accordingly, although the court will dismiss Count I of the complaint, judgment will be entered for the United States Trustee on Counts II, III, and IV denying the debtors a discharge.

A separate judgment will be entered consistent with this opinion.

Date: _____        _____
                                     Stephen S. Mitchell
Alexandria, Virginia                 United States Bankruptcy Judge

Copies to:

Frank Bove, Esquire
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314
Counsel for the plaintiff

Amir Raminpour, Esquire
Law Offices of Fred M. Rejali
8300 Greensboro Drive, Suite 800
McLean, VA 22102
Counsel for the defendants

Paul Loussedes
Kelly Loussedes
11556 Southington Lane
Herndon, VA 20170
Debtors

Robert O. Tyler, Esquire
Tyler, Bartl, Ramsdell & Counts, P.L.C.
700 S. Washington Street, Suite 216
Alexandria, VA  22314
Chapter 7 trustee